IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

11290 WILCO HIGHWAY, MOUNT
ANGEL, MARION COUNTY, STATE
AND DISTRICT OF OREGON, REAL
PROPERTY WITH BUILDINGS,
APPURTENANCES, AND
IMPROVEMENTS, in rem,

        Defendant.

3:11-cv-00640-MA

OPINION AND ORDER

S. AMANDA MARSHALL
United States Attorney
District of Oregon
ROBERT D. NESLER
Assistant U.S. Attorney
1000 S.W. Third Ave., Suite 600
Portland, Oregon 97204-2902

   Attorney for Plaintiff

F. DE LA PUENTE
1610 12th Street S.E.
Salem, Oregon 97302

   Attorney for Claimant Noel Rodriguez

1 - OPINION AND ORDER

MARSH, Judge

The government brings this forfeiture proceeding pursuant to 18 U.S.C. § 985; 21 U.S.C. § 881, and 28 U.S.C. §§ 1345, 1355, 1356 & 1395. Currently before the court is Claimant Noel Rodriguez's petition for remission (#59).

## BACKGROUND

On August 26, 1983, Lucila and Nazario Rodriguez, Jr., purchased real property located at 11290 Wilco Highway, in Mount Angel, Oregon. On October 16, 1987, they conveyed a fee simple interest in the property to their son, Noel Rodriguez ("Claimant"), reserving a life estate for Lucila.

In January and March, 2008, Lucila and Nazario Rodriguez, Jr., were indicted for their participation in two separate drug trafficking conspiracies (between February 2006 and March 2008) involving crack cocaine and methamphetamine. United States v. Diaz-Ayala, et al., 6:08-cr-00128-HO & United States v. Sanchez, et al., 3:08-cr-00035-JO. Nazario and Lucila Rodriguez entered into plea agreements wherein they pled guilty to charges that they distributed Crack Cocaine in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A)(iii), and that the Wilco property was used to commit and facilitate their illegal drug activity. United States v. Sanchez, et al., 3:08-cr-00035-JO, Plea Petitions (#190 & #203). As part of her plea agreement, Lucila Rodriguez waived her life estate interest in the real property and premises. On June 6, 2011,

2 - OPINION AND ORDER

Lucila Rodriguez was sentenced to 33 months incarceration, to be followed by three years supervised release. Nazario Rodriguez died (prior to sentencing) on June 10, 2011.

On May 26, 2011, the government filed this civil forfeiture proceeding against the Wilco property. Claimant Noel Rodriguez filed a Claim and Answer asserting that he is the fee owner of the Wilco Property *by virtue of the 1987 deed.* Claim (#7) & Answer (#8). On October 29, 2012, I granted the government's motion for summary judgment concluding that (1) there is no genuine issue of fact as to whether the government satisfied its burden to establish, by a preponderance of the evidence, that the Wilco property is forfeitable; (2) Lucila Rodriguez is in default as to her life estate in the Wilco property and Claimant has no colorable interest in Lucila's life estate during her life time; and (3) Claimant is not an innocent owner because there is no genuine issue of fact as to whether he was wilfully blind to his parents' illegal drug activity on the Wilco property.

Unbeknownst to this court, Claimant previously had obtained a state court judgment terminating Lucila Rodriguez's life estate (due to waste), and conveying fee simple title to Claimant. Claimant and his attorney chose not to advise the court of the state court judgment in the briefing on summary judgment.[1] The

---

[1] Claimant, with the assistance of Attorney Frank de la Puente, filed the state court proceeding on April 2, 2012.

3 - OPINION AND ORDER

United States was not provided notice of the state court proceeding. United States' Memorandum (#62) at 2 n.1. This court expresses no opinion as to the validity of the state court judgment. For purposes of Claimant's petition for remission, I consider the value of his remainder interest only.

## DISCUSSION

Pursuant to 18 U.S.C. § 983(g)(1), a claimant may petition the court to determine whether a forfeiture is constitutionally excessive. "When a claimant makes such a petition, a court should compare the forfeiture to the 'gravity of the offense,' and the claimant then has the burden of establishing the forfeiture is 'grossly disproportional to the offense.'" United States v. Ferro, 681 F.3d 1105, 1113 (9th Cir. 2012) (quoting 18 U.S.C. § 983(g)(2)-(3)). "[I]f the court finds, by a preponderance of the evidence, that the forfeiture is 'grossly disproportional to the offense,' it must 'reduce or eliminate the forfeiture as necessary to avoid a violation of the Excessive Fines Clause of the Eighth Amendment of

---

Rodriguez v. Rodriguez, Marion County No. 12C14158 (Complaint (#1)). The state court entered an order of default on May 11, 2012, and a final judgment on June 22, 2012. Id. (Docs. #9 & #13). After obtaining an extension of time in the instant proceeding, claimant filed his opposition to the government's motion to strike and for summary judgment on July 6, 2012. In his opposition, claimant failed to reveal the existence of the state court judgment.

the Constitution.'" Id. (quoting 18 U.S.C. § 983(g)(3)-(4))[2]; see also United States v. Bajakajian, 524 U.S. 321, 334 (1998) (touchstone of the constitutional inquiry under the Excessive Fines Clause is proportionality).

"In assessing whether a fine is excessive, this court is 'not required to consider any rigid set of factors.'" Ferro, 681 F.3d at 1115 (quoting United States v. $100,348 in Currency, 354 F.3d 1110, 1121 (9th Cir. 2004)). Rather, the excessiveness inquiry must focus on the culpability of the property owner/claimant, and take into account (1) the nature and extent of the crime that gave rise to the forfeiture; (2) whether the violation was related to other illegal activities; (3) the other penalties that may be imposed for the violation (i.e., the maximum penalties that could have been imposed under the Sentencing Guidelines); and (4) the extent of the harm caused. Ferro, 681 F.3d at 1115-16; $100,348 in Currency, 354 F.3d at 1122.

In resolving the question of whether the forfeiture of claimant's remainder interest in the Wilco property is excessive, I find the Second Circuit's decision in von Hofe v. United States, 492 F.3d 175 (2nd Cir. 2007), to be instructive.[3] In that case,

---

[2] In the instant proceeding, neither party requested a hearing to resolve any disputed facts relevant to Claimant's petition for remission. See 18 U.S.C. § 983(g)(3).

[3] Von Hofe was cited with approval by the Ninth Circuit in Ferro. 681 F.3d at 1116.

5 - OPINION AND ORDER

the government sought forfeiture of a home worth approximately $248,000, owned jointly by claimants Harold and Kathleen von Hofe. The police had found 65 marijuana plants in the basement of the couple's home. The Second Circuit held that the forfeiture of Kathleen's $124,000 interest in the property, based upon conduct best described as turning a blind eye to her husband's marijuana cultivation in their basement, was excessive:

> On balance, forfeiture of Kathleen von Hofe's interest in 32 Medley Lane is an excessive fine. We do not dispute Congress's judgment regarding the pernicious effects caused by illicit drugs, either through health problems, lost productivity, or their connection to other illegal activity. Nor do we doubt that forfeiture of real property creates an incentive for property owners to abate any criminal activity occurring on their property. But the severity of the problem cannot excuse the need for scrupulous adherence to our constitutional principles. Mrs. von Hofe's offensive conduct boils down to her joint ownership of 32 Medley Lane and silence in the face of her husband's decision to grow marijuana in their basement almost thirty years into their marriage. And yet she is being punished as if she were distributing drugs, when the district court concluded as a matter of fact that she had no knowledge of any distribution or remuneration. The government cannot justify forfeiture of Mrs. von Hofe's interest in 32 Medley Lane, for the punishment bears no reasonable correlation either to her minimal culpability or any harm she caused.

492 F.3d at 191. On remand, the parties entered into a settlement agreement wherein $160,000 was forfeited by Mr. and Mrs. von Hofe to the government. United States v. One Parcel of Property Located at 32 Medley Lane, Civ. No. 3:01-cv-2290 (Doc. #89).

The same analysis is warranted in the instant proceeding. Although Claimant was wilfully blind to his parents' drug activity

6 - OPINION AND ORDER

on the Wilco Property, there are no facts that he bore anything more than "minimal blame" for the criminal activity. Claimant's culpability consists of his possession of a future interest in the Wilco property, and his failure to protect his future interest by taking some action against his elderly and ailing parents to stop the illegal conduct on the property.[4] The evidence offered by the government implicating Claimant in illegal drug activity predated the drug conspiracies for which his parents were indicted by a matter of years. In sum, in the absence of evidence implicating Claimant in the illegal drug activity involving the Wilco property during the relevant time period, or suggesting that he encouraged or promoted it, I conclude that forfeiture of Claimant's entire remainder interest in the property is excessive and violative of the Eighth Amendment.

Taking into account the nature and extent of the crime that gave rise to the forfeiture, the applicable fine guideline range for Lucila's conduct ($6,000 to $60,000 based on a projected offense level of 19), and the inherent harm to the public caused by the illegal drug activity, I conclude that the forfeiture of Claimant's entire remainder interest valued at $76,620 (calculated using the Oregon Department of Human Services Life Estate and

---

[4] At the time of their guilty pleas, Lucila and Nazario Rodriguez were both 63 years old. United States v. Rodriguez, Case No. 3:08-cr-00035-HO, Plea Petitions (#190 & #203).

7 - OPINION AND ORDER

Remainder Interest Table[5] and Claimant's estimated current market value of the property of $250,000) is constitutionally excessive. Accordingly, the forfeiture shall be reduced by 50% to $38,310.

### CONCLUSION

Based on the foregoing, Claimant's Petition for Remission (#59) is GRANTED to the extent that the amount of forfeiture is reduced to $38,310, representing 50% of the approximate value of Claimant's remainder interest in fee simple. The government shall submit a form of judgment.

IT IS SO ORDERED.

DATED this _5_ day of April, 2013.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge

---

[5] See Dec. of Robert D. Nesler (#63), Exh. 2 at 4.